**Raymond THROWER Plaintiff**

v.

**Brian JIVIDEN, et al. Defendants**

**Raymond THROWER Plaintiff**

v.

**John YORK, et al. Defendants**

**No. 5:02CV1183, 5:02CV1184.**

United States District Court,
N.D. Ohio,
Eastern Division.

Sept. 20, 2002.

794

Raymond Thrower, Cuyahoga Falls, OH, pro se.

Bruce H. Christensen, Jr., John C. Reece, City of Akron Law Dept., Akron, OH, for Defendants.

*MEMORANDUM OF OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS*

WELLS, District Judge.

Before the Court is defendants' motion to stay proceedings. Plaintiff opposes the motion.

For the reasons that follow, the motion to stay is denied.

## BACKGROUND

Plaintiff Raymond Thrower is the owner of rental property located at 335½ Parkwood Avenue in Akron, Ohio. According to Mr. Thrower, an Akron Housing Department inspector inspected the property and issued, to an occupant, an order to comply with the City's housing code by 14 July 2000. Allegedly, on 27 July 2000, the inspector re-inspected the property, found that there had been no compliance, and issued an order condemning the property as unfit for human habitation.

Mr. Thrower appealed the condemnation order to the City of Akron Housing Appeals Board, which affirmed the order. Pursuant to Chapter 2506 of the Ohio Revised Code, Mr. Thrower then appealed the decision to the Court of Common Pleas for Summit County. On 31 May 2002, the Court of Common Pleas reversed the decision of the Housing Appeals Board on the ground that Section 150.12(B) of the Akron Environmental Health Housing Code is unconstitutional for lack of a sufficient notice requirement. On 10 June 2002, the City of Akron moved the Court of Common Pleas for reconsideration. On 24 June 2002, the City filed an appeal with the Ohio Ninth District Court of Appeals. The motion for reconsideration and appeal currently are pending.

Meanwhile, on 21 June 2002, Mr. Thrower filed two complaints in Federal District Court, which have been consolidated in this case. Under § 1983, he brings two substantive due process claims, two takings claims, a procedural due process claim, two equal protection claims, and a Fourth Amendment claim. Some of the claims involve the condemnation order; others do not. Mr. Thrower seeks damages, a declaratory judgment, and an order

prohibiting defendants from retaliating against him.

## LAW AND ANALYSIS

Defendants contend that, under the *Younger* abstention doctrine, this case should be stayed pending resolution of the state court proceedings regarding the condemnation order. They argue that this federal case would interfere with what they characterize as Akron's pending civil enforcement action against Thrower.

## Development of the *Younger* Abstention Doctrine

In *Younger v. Harris*, Mr. Harris filed a complaint in federal district court, asking the court to enjoin the district attorney from prosecuting him in state court for violation of a state criminal statute. 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The Supreme Court held that, absent extraordinary circumstances, a federal court should defer to the state proceedings and abstain from hearing an action to enjoin state officials from instituting criminal actions. *Id.*

Although *Younger* arose in the context of a state criminal proceeding, the Supreme Court, over the years, has extended its doctrine to civil enforcement actions. In *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), the plaintiff, against whom judgment had been rendered in a state nuisance proceeding brought by Allen County, Ohio, sought a declaration in federal district court that the nuisance statute was unconstitutional and unenforceable and sought an injunction against the execution of the state judgment. Thus, the plaintiff, rather than appealing the judgment within the Ohio court system, sought federal relief. Because the nuisance action was a state proceeding "in aid of and closely related to criminal statutes," and the federal injunction interfered with the state's efforts to protect important interests, the Supreme Court held that abstention was required. *Id.* at 604, 95 S.Ct. 1200.

Similarly, in *Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977), a suit was filed in federal court challenging the constitutionality of a state law and seeking to have state officers enjoined from enforcing it. The plaintiff in the federal case was the defendant in a state civil enforcement action brought by the Illinois Department of Public Aid to recover public assistance benefits that had been fraudulently obtained. Instead of challenging an attachment against his property in the Illinois court system, the federal plaintiff sought injunctive relief in federal district court. The Supreme Court held that the *Younger* doctrine applied "to interference by a federal court with an ongoing civil enforcement action such as this, brought by the State in its sovereign capacity." *Id.* at 444, 97 S.Ct. 1911. Thus, the district court was required to abstain from hearing the case.

In *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979), the Supreme Court applied the abstention doctrine to another state civil enforcement proceeding. There, the Texas Department of Human Resources had instituted a suit for emergency custody of children in state court. Instead of defending this state action, the parents filed a federal action to enjoin the Department from prosecuting the state suit. The Supreme Court found that "the temporary removal of a child in a child-abuse context is, like the public nuisance statute involved in *Huffman*, 'in aid of and closely related to criminal statutes.'" *Id.* at 423, 99 S.Ct. 2371. *Younger* principles therefore applied.

The Supreme Court extended the doctrine to a case involving state administrative proceedings in *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d

512 (1986). There, state administrative proceedings involving allegations of sex discrimination were pending, and Dayton sought to enjoin them in federal district court. The Court determined that the *Younger* line of cases required abstention.

The Court identified limits to the doctrine in *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989). In that case, NOPSI challenged a final electricity rate order by the City Council in both state and federal court. The Supreme Court, noting that "it has never been suggested that *Younger* requires abstention in deference to a state judicial proceeding reviewing legislative or executive action," held that *Younger* abstention was not appropriate. *Id.* at 368, 109 S.Ct. 2506. The court further explained, "As a challenge to completed legislative action, NOPSI's [federal] suit [does not represent] interference with ongoing judicial proceedings against which *Younger* was directed." *Id.* at 372, 109 S.Ct. 2506.

### Application of the *Younger* Doctrine to This Case

The *Younger* line of cases requires federal courts to abstain from hearing an action where the exercise of federal jurisdiction would interfere with a pending criminal or civil enforcement action brought by a state or political subdivision in state court. Specifically, *Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff in the federal case an adequate opportunity to raise constitutional claims.

With the exception of a citation to *Younger* itself, defendants do not mention the above cases in their motion to stay. Instead, they rely on *Carroll v. City of Mount Clemens*, 139 F.3d 1072 (6th Cir. 1998). In *Carroll*, the state court proceeding at issue was the City's ongoing building code enforcement action against Carroll. Carroll filed a counterclaim in state court. While the state proceeding was pending, she filed a federal damages suit under § 1983 and the Fair Housing Act. The Sixth Circuit concluded that *Younger* abstention was required because "[t]he city's civil enforcement action against her is currently pending in state court, those proceedings involve the state's important interest in enforcing its state and local housing codes, and Carroll may raise all of her claims—state, federal, and constitutional—under the state court's general and concurrent jurisdiction." *Id.* at 1075. The Sixth Circuit noted, "When a person is the target of an ongoing state action involving important state interests, the state defendant cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case." *Id.* at 1074.

When the facts of this case are examined in light of the *Younger* line of cases, it becomes clear that *Younger* abstention is not appropriate here. The state court proceedings at issue in this case are not an ongoing civil enforcement action initiated by the City of Akron. The City completed its executive action on 27 July 2000, when it issued a condemnation order for Mr. Thrower's rental property. Mr. Thrower, not the City, then appealed the order to the Housing Appeals Board. After this appeal failed, Mr. Thrower, not the City, brought a suit challenging the decision in state court. This suit was successful. To the extent that the City's appeal and motion constitute ongoing state proceedings, they are not an ongoing civil enforcement action brought by the City in its sovereign capacity against Mr. Thrower; the proceedings are a challenge to completed executive action. Unlike the cases in which abstention is appropriate, Mr. Thrower's federal suit did not circumvent the state proceedings; Mr. Thrower pursued claims

in state court and prevailed there. Defendants present no substantive argument, nor can this Court see one, as to how Mr. Thrower's federal damages claims [1] could interfere with or disrupt the remaining state proceedings. He is not seeking to enjoin the proceedings, and many of his federal claims do not involve the validity of the condemnation order. The claims that do involve the condemnation order seek damages for its alleged unconstitutionality. *NOPSI* teaches that the presence of parallel claims in state and federal court, without more, is insufficient to trigger *Younger* principles.

In sum, this is not the type of case in which *Younger* abstention is appropriate.

## CONCLUSION

For the reasons discussed above, the *Younger* doctrine does not require this Court to abstain from hearing Mr. Thrower's claims in this case. Accordingly, defendants' motion to stay proceedings is denied.

IT IS SO ORDERED.

---

1. Mr. Thrower does seek an order prohibiting defendants from retaliating against him. Although this is a claim for injunctive relief, it is not related to the condemnation order or to the proceedings in state court.